UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRUCE WILLIAMS, JR.** | : |
| Petitioner | : CIVIL ACTION NO. 3:21-1498 |
| v. | : (JUDGE MANNION) |
| **WARDEN, SCI-FOREST,** | : |
| Respondent | : |

## MEMORANDUM

Petitioner, Bruce Williams, Jr., an inmate confined in the Forest State Correctional Institution, Marienville, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He attacks a conviction imposed by the Court of Common Pleas for York County, Pennsylvania. Id. Presently before the Court is Respondent's motion to dismiss the petition for writ of habeas corpus as barred by the statute of limitations and for Petitioner's failure to exhaust state court remedies prior to filing his federal habeas corpus petition. (Doc. 6). Although provided an opportunity to file a traverse, Petitioner did not file a traverse. The motion is ripe for disposition and, for the reasons set forth below, the petition will be

dismissed as untimely under the statute of limitations, see 28 U.S.C. §2244(d).

I. **Background**

On November 10, 2011, Petitioner, Bruce Williams, Jr., was convicted of third-degree murder and carrying a firearm without a license. Commonwealth of Pennsylvania v. Bruce Williams, Jr., CP-67-CR-0000390-2012. On December 19, 2013, Petitioner was sentenced to a term of seventeen (17) to forty (40) years' incarceration for his murder conviction and a consecutive three-to-six-year term of incarceration for his firearms charge. (Doc. 6-4 at 1).

On October 6, 2010, trial counsel filed a timely post-sentence motion, which the trial court denied after a hearing. Id.

On May 15, 2014, trial counsel then filed an untimely direct appeal to the Pennsylvania Superior Court, which was quashed by that court. Id.

On March 31, 2015, Petitioner filed a collateral challenge for relief under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541-9546, after which his direct appeal rights were reinstated. Id.

On June 12, 2015, Petitioner filed a *nunc pro tunc* appeal to the Pennsylvania Superior Court, docketed at 1036 MDA 2015, which affirmed

Petitioner's sentence on March 23, 2016. Id. He did not file a petition for allowance of appeal.

On February 13, 2017, Petitioner filed a *pro se* PCRA petition, claiming in part, ineffective assistance of counsel for failing to seek timely appeal to the Pennsylvania Supreme Court, which in part the PCRA court granted, permitting Petitioner to file *a nunc pro tunc* petition for allowance of appeal. Id.

On September 21, 2017, Petitioner filed for allowance of appeal to the Supreme Court of Pennsylvania, which was denied January 11, 2018. Id. Petitioner did not file a writ of certiorari to the United States Supreme Court. Id.

On October 4, 2018, Defendant filed a *pro se* PCRA petition, which served to toll his deadline for filing for federal habeas relief. Id.

On June 12, 2019, Petitioner's PCRA petition was denied. Id.

On July 12, 2019, Petitioner appealed *nunc pro tunc* to the Pennsylvania Superior Court, docketed at 1123 MDA 2019, which affirmed Petitioner's sentence on March 24, 2020. Id.

On May 1, 2020, Respondent filed for allowance of appeal to the Supreme Court of Pennsylvania, docketed at 220 MAL 2020. (Doc. 6-5).

On October 2, 2020, the Supreme Court of Pennsylvania denied the Petition for Allowance of Appeal. Id.

On August 19, 2021, Petitioner filed the instant petition for writ of habeas corpus. Id. He challenges his conviction and sentence, raising issues of ineffective assistance of counsel, prosecutorial misconduct, and weight of evidence. Id.

On December 30, 2021, Respondent filed a motion to dismiss the petition as untimely and for Petitioner's failure to exhaust state court remedies prior to filing his federal action. (Doc. 6). Although provided an opportunity to file a brief in opposition, Petitioner has not responded to the motion. Respondent's motion is ripe for disposition and for the reasons set forth below, the motion will be granted, and Petitioner's action will be dismissed as untimely.

## II.  Discussion

The court shall "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). A petition filed under §2254 must be timely filed under the stringent standards set forth in the Anti-

Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. §2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Pursuant to §2244(d), evaluation of the timeliness of a §2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a

petition for writ of certiorari in the Supreme Court of the United States. See Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012).

Petitioner's judgment became final on April 11, 2018, when the ninety (90) day time period to file a petition for writ of certiorari with the United States Supreme Court expired. The one-year AEDPA statute of limitations period commenced running as of that date and expired one year later, on April 11, 2019. Once Petitioner filed his PCRA petition on October 4, 2018, however, the statute of limitations was tolled. By that point, 176 days of the statute of limitations had already run.

Petitioner's PCRA proceedings concluded on October 2, 2020, when the Supreme Court of Pennsylvania denied allocatur. Therefore, his federal statute of limitations began to run again the next day, October 3, 2020. The remaining 189 days of the statute expired on or about April 12, 2021.

Petitioner did not file the instant habeas petition until more than four months later, on August 19, 2021. It is therefore untimely.

The Court must next determine whether equitable tolling may apply to Petitioner's untimely petition. In Holland v. Florida, 560 U.S. 631, 649-50 (2010), the Supreme Court of the United States held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. See also Ross v. Varano, 712 F.3d 784, 798 (3d Cir.

2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). See also Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted). See also Alicia v. Karestes, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. See Ross, 712 F.3d at 799; Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

The Court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable

neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. Holland, 560 U.S. at 651 (citations omitted). See also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava, 398 F.3d at 275–276. See also Holland, 560 U.S. at 648–49 (relying on Pace, 544 U.S. at 418); Jenkins, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

Indeed, extraordinary circumstances have been found only where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not

exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In the matter at hand, Petitioner was put on notice regarding the untimeliness of his federal habeas petition by Respondent's answer and had an opportunity to address the untimeliness and arguments in favor of tolling in his reply. Petitioner chose not to file a traverse. Thus, the Court was not presented with any explanation for Petitioner's delay in bringing his federal habeas petition which would allow this Court to consider any possible equitable tolling. The fact that a petitioner is proceeding *pro se* does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. Ross v. Varano, 712 F.3d 784, 799-800 (3d Cir. 2013) (citing Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003)). Therefore, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

We now turn to the fundamental miscarriage of justice tolling exception. Although the fundamental miscarriage of justice or "actual

innocence" exception was previously used to excuse procedural default, the United States Supreme Court has held that a convincing showing of actual innocence may excuse the federal limitations period. McQuiggin v. Perkins, 569 U.S. 383 (2013). McQuiggin made it clear that such an exception is very rare, noting that the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 399 (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). "To be credible a claim of actual innocence must be based on reliable evidence not presented at trial." Schlup, 513 U.S. at 324; Calderon v. Thompson, 523 U.S. 558, 559 (1998). "Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." Sistrunk v. Rozum, 674 F.3d 181, 191 (3d Cir. 2012) (citing Schlup, 513 U.S. at 327). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met)." McQuiggin, 569 U.S. at 386.

"The gateway actual innocence standard is 'demanding' and satisfied only in the 'rare' and 'extraordinary' case where 'a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " Reeves v. Fayette SCI, 897 F.3d 154 (3d Cir. 2018) (quoting McQuiggin, 569 U.S. at 392).

Petitioner does not allege actual innocence in his petition, and again, has failed to file a traverse with any reliable showing of factual innocence. Thus, the Court does not find that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327. As such, Williams cannot overcome the time-bar based on the actual innocence exception.

### III.    Certificate of Appealability

Pursuant to 28 U.S.C. §2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

IV. **Conclusion**

For the reasons set forth above, the Court will grant the Respondent's motion to dismiss and the petition for writ of habeas corpus will be dismissed as untimely.

A separate Order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 15, 2022**
21-1498-01